IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.

Gayle Hassan Al-Said,

    Defendant.
_____/

Case:3:18-mc-51221
Judge: Cleland, Robert H.
MJ: Stafford, Elizabeth A.
Filed: 08-20-2018 At 02:30 PM
IN RE MARVIN TIEN, MOTION TO QUASH
SUBPOENA (NA)

Grand

## MOTION TO QUASH DEFENDANT'S SUBPOENA OF OUT-OF-STATE WITNESS TO TESTIFY AT TRIAL, INCLUDING BRIEF IN SUPPORT

### MOTION

Non-party, Marvin Tien, by and through his attorneys, Clark Hill PLC, states as follows in support of his Motion to Quash Defendant's Subpoena of Out-of-State Witness to Testify at Trial:

1. Movant and non-party Marvin Tien ("Mr. Tien") is a resident of the State of California, where he is employed and regularly transacts his business.

2. Mr. Tien is currently outside of the United States on a business trip to Asia involving a series of previously scheduled meetings over a period of the next two weeks and will not return home to California until at least August 31, 2018 or

September 1, 2018. (See Marvin Tien's Declaration in support of this motion, **Exhibit 2,** ¶ 3).

3. Mr. Tien has never met the named defendant in this case, Gayle Hassan Al-Said ("Defendant"). (*Id.*, ¶ 4).

4. Although Mr. Tien was out of the country on a business trip and has not been personally served with the subpoena or any check for any attendance fee or mileage allowance, he understands that a Subpoena to Testify at a Hearing or Trial in a Criminal Case (the "Subpoena") was issued in this case on August 2, 2018, commanding him to appear in the United States District Court for the Eastern District of Michigan in Port Huron, Michigan, on August 21, 2018. (*Id.*, ¶ 2).

5. Mr. Tien has never been employed or otherwise retained by Defendant, although he has a vague recollection that he did some consulting work for a gentleman who had some calls with Defendant many years ago, and he may have been on a couple of those calls. (*Id.*, ¶ 5).

6. Mr. Tien has never received any communications from Defendant regarding this case. (*Id.*, ¶ 6).

7. Mr. Tien has never met with or received any communications regarding this matter from James Howarth, the listed attorney for Defendant, or anyone else on his or Defendant's behalf. (*Id*, ¶ 7).

2

8. Mr. Tien does not believe that he has any information relevant to any criminal claims brought against Defendant, and it would be unreasonable and oppressive to require Mr. Tien to travel to the State of Michigan. (*Id.*, ¶ 8).

9. Federal Rule of Criminal Procedure 17(d) requires that a subpoena be personally served with an accompanying payment for an attendance fee and mileage allowance.

10. Federal Rule of Criminal Procedure 17(c) provides that a subpoena may be quashed or modified if compliance would be "unreasonable or oppressive."

11. It is appropriate to quash the Subpoena as the Subpoena was never personally served on Mr. Tien and it would be unreasonable and oppressive under the circumstances presented to compel Mr. Tien to appear in this Court in the State of Michigan where Mr. Tien both resides and regularly works in the State of California, is currently out of the country on business, will continue to be out of the country on business on the date the Subpoena seeks to compel Mr. Tien to appear in this Court in the State of Michigan, and it would impose both undue costs and an undue burden on Mr. Tien to require him to disrupt his personal and business life to travel to the State of Michigan to comply with the Subpoena.

12. Mr. Tien's attorneys attempted to contact Defendant's attorney, James Howarth, via telephone to explain the nature of the relief sought in this motion and its legal basis and to seek concurrence on or about August 13, 2018 and again on

August 19, 2018, but, despite those reasonable efforts, they were unable to contact Mr. Howarth or conduct a conference.

WHEREFORE, Mr. Tien requests that this Court grant his Motion to Quash Defendant's Subpoena of Out-of-State Witness To Testify at Trial and enter an order pursuant to the form attached hereto as **Exhibit 1**, and that the Court grant Mr. Tien such further relief as the Court deems just and proper.

## BRIEF IN SUPPORT OF MOTION TO QUASH DEFENDANT'S SUBPOENA OF OUT-OF-STATE WITNESS TO TESTIFY AT TRIAL

### FACTUAL BACKGROUND

Movant and non-party Marvin Tien ("Mr. Tien") is a resident of the State of California, where he is employed and regularly conducts business. Mr. Tien is currently outside of the United States on a previously planned business trip to Asia, from which trip he is not scheduled to return to California until at least the very end of August or early September.

Mr. Tien has never met with or been employed by Defendant Gayle Hassan Al-Said ("Defendant"). (Exhibit 1, ¶¶ 4 and 5). Neither Defendant nor her attorney, James Howarth, has had any contact with Mr. Tien in an effort to obtain discovery regarding the above-captioned case. (*Id.*, ¶¶ 6 and 7). Nevertheless, Defendant's attorney had a subpoena (the "Subpoena") issued on August 2, 2018, purporting to compel Mr. Tien to appear in this Court in Port Huron, Michigan, to testify at trial on August 21, 2018. Mr. Tien has not been personally served with the Subpoena or any check for any attendance fee or mileage allowance. (*Id.*, ¶ 2).

Because the Subpoena has not been personally served upon Mr. Tien, and because the Subpoena purporting to compel Mr. Tien to return to the United States and travel across the country from the State of California to the State of Michigan

5

despite his lack of relevant knowledge or information is unreasonable and oppressive, it should be squashed.

## CONTROLLING AUTHORITY

The issuance and enforcement of subpoenas in criminal cases is governed under Federal Rule of Criminal Procedure 17. That rule requires that a subpoena be personally served.

> **(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

Fed. R. Crim. P. 17(d).

The rule also authorizes a court to quash or modify a subpoena if compliance would be unreasonable or oppressive.

> (2) *Quashing or Modifying the Subpoena.* On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

Fed. R. Crim. P. 17(c)(2).

## ARGUMENT

### I. The Subpoena Should be Squashed Because it Has Not Been Personally Served.

Rule 17(d) requires that a subpoena and accompanying payment be personally served in order to be enforceable. "The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance." Fed. R. Crim. P. 17(d). *Cf. United States v. Venecia*, 172 F.R.D. 438, 439 (D. Or. 1997)(granting motion to squash subpoena because Rule 17(d) does not authorize service by facsimile).

The Subpoena in this case is invalid because it has not been personally served upon Mr. Tien, who was out of the country in Asia. (Exhibit 1, ¶ 2). Further, Mr. Tien was never personally served with the required witness attendance fee and legal mileage allowance. (*Id.*). Because the Subpoena has never been properly served as required, it is unenforceable and should be quashed.

## II. The Subpoena Should be Squashed Because it Is Unreasonable and Oppressive.

Even if the Subpoena had been properly and personally served upon Mr. Tien with the required payment, it should nevertheless be squashed under Fed. R. Crim. P. 17(c)(2) as unreasonable and oppressive under the following circumstances:

1. Mr. Tien is a resident of the State of California, where he is employed and regularly conducts business. (Exhibit 1, ¶ 1).

2. Mr. Tien is currently outside of the United States on a business trip to Asia involving a series of previously scheduled

7

meetings and will not return home to California until at least August 31, 2018 or September 1, 2018. (*Id.*, ¶ 3).

3. Mr. Tien has never met Defendant. (*Id.*, ¶ 4).

4. Mr. Tien has never been employed or otherwise retained by Defendant, although he has a vague recollection that he did some consulting work for a gentleman who had some calls with Defendant many years ago, and he may have been on a couple of those calls. (*Id.*, ¶ 5).

5. Mr. Tien has never received any communications from Defendant regarding this case. (*Id.*, ¶ 6).

6. Mr. Tien has never met with or received any communications regarding this matter from James Howarth, the listed attorney for Defendant, or anyone else on his or Defendant's behalf. (*Id.*, ¶ 7).

7. Mr. Tien does not believe that he has any information relevant to any criminal claims brought against Defendant, and it would be unreasonable and oppressive to require Mr. Tien to travel to the State of Michigan. (*Id.*, ¶ 8).

It would be unreasonable and oppressive to require a resident of California who is out of the country and has no knowledge of relevant information to this case to return to the United States and travel to Michigan to appear to testify. That is particularly true in this case where neither Defendant nor her attorney has made any attempt to contact Mr. Tien to determine whether he has any relevant information or to obtain discovery from him. Accordingly, the Subpoena should be squashed.

## CONCLUSION

WHEREFORE, Mr. Tien requests that this Court grant his Motion to Quash Defendant's Subpoena of Out-of-State Witness To Testify at Trial and enter an order pursuant to the form attached hereto as **Exhibit 1**, and that the Court grant Mr. Tien such further relief as the Court deems just and proper.

Respectfully submitted,

CLARK HILL PLC

By:  /s/ Matthew W. Schlegel
Matthew W. Schlegel (P36963)
Attorneys for Marvin Tien
500 Woodward Avenue, Suite 3500
Detroit, MI  48226
(313) 965-8300
(313) 965-8252 – fax
mschlegel@clarkhill.com

Date:  August 20, 2018

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 2:15-cr-20339 |
| Plaintiff, | Hon. Robert H. Cleland |
| v. | Magistrate Judge David R. Grand |
| Gayle Hassan Al-Said, | |
| Defendant. | |
| _____/ | |

## CERTIFICATE OF SERVICE

I, Jacqueline Nicholson, hereby certify that on August 20, 2018, I electronically filed the Motion to Quash Defendant's Subpoena of Out-of-State Witness to Testify at Trial, Including Brief in Support with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

/s/Jacqueline Nicholson
Clark Hill PLC
500 Woodward Avenue, Suite 3500
Detroit, MI 48226
(313) 309-9485
(313) 965-8252 – fax

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.

Gayle Hassan Al-Said,

    Defendant.

_____/

Case No. 2:15-cr-20339

Hon. Robert H. Cleland

Magistrate Judge David R. Grand

## Index of Exhibits

1. Order Quashing Defendant's Subpoena of Out-of-State Witness to Testify at Trial

2. Declaration in Support of Motion to Quash Defendant's Subpoena of Out-of-State Witness to Testify at Trial

**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 2:15-cr-20339 |
| Plaintiff, | Hon. Robert H. Cleland |
| v. | Magistrate Judge David R. Grand |
| Gayle Hassan Al-said, | |
| Defendant. | |

_____/

## ORDER QUASHING DEFENDANT'S SUBPOENA OF OUT-OF-STATE WITNESS TO TESTIFY AT TRIAL

The Court having reviewed non-party Marvin Tien's Motion to Quash Defendant's Subpoena of Out-of-State Witness To Testify at Trial, and the Court being further advised herein;

**IT IS ORDERED** that the motion is granted, that the subpoena issued at Defendant's request for Marvin Tien to appear to testify for trial in this case on August 21, 2018 is quashed, and that Marvin Tien need not appear to testify in this case in the State of Michigan.

220129137.1 09999/09998-1370

**EXHIBIT 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Gayle Hassan Al-Said,<br><br>    Defendant.<br>_____/ | Case No. 2:15-cr-20339<br><br>Hon. Robert H. Cleland<br><br>Magistrate Judge David R. Grand |

## DECLARATION IN SUPPORT OF MOTION TO QUASH DEFENDANT'S SUBPOENA OF OUT-OF STATE WITNESS TO TESTIFY AT TRIAL

Marvin Tien states as follows:

1. I am a resident of the State of California, where I am employed and regularly conduct business.

2. Although I was out of the country on a business trip and have not been personally served with the subpoena or any check for any attendance fee or mileage allowance, I understand that a Subpoena to Testify at a Hearing or Trial in a Criminal Case (the "Subpoena") was issued in the above-captioned case on August 2, 2018, commanding me to appear in the United States

District Court for the Eastern District of Michigan in Port Huron, Michigan, on August 21, 2018.

3. I am currently on a business trip to Asia involving a series of previously scheduled meetings over a period of the next two weeks and will not return home to California until at least August 31, 2018 or September 1, 2018.

4. I have never met the named defendant in this case, Gayle Hassan Al-Said ("Defendant").

5. I have never been employed or otherwise retained by Defendant, although I have a vague recollection that I did some consulting work for a gentleman who had some calls with Defendant many years ago, and I may have been on a couple of those calls.

6. I have never received any communications from Defendant regarding this case.

7. I have never met with or received any communications regarding this matter from James Howarth, the listed attorney for the Defendant, or anyone else on his or Defendant's behalf.

8. I do not believe that I have any information relevant to any criminal claims brought against Defendant, and it would be unreasonable and oppressive to required me to travel to the State of Michigan.

I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct. Executed on August 19, 2018.

_____
Marvin Tien

220129295.1 09999/09998-1370